IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS,<br><br>        Petitioner,<br><br>v.<br><br>MENDOZA POWERS, Warden,<br><br>        Respondent. | No. C 04-1478 SBA (pr)<br><br>**ORDER TO SHOW CAUSE <br>AND DENYING MOTION <br>FOR DEFAULT JUDGMENT**<br><br>(Docket no. 11) |

Petitioner Marvin Harris, a state prisoner incarcerated at Avenal State Prison in Avenal, California, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an Order dated May 7, 2004, the Court granted Petitioner's application for in forma pauperis status and dismissed the petition with leave to amend (docket no. 6). Petitioner was directed to provide the Court with: 1) proof that he can in good faith allege that he has presented his claims to the California Supreme Court and 2) the date of the parole decision he challenges in this petition and, if available, a copy of the decision. See May 7, 2004 Order at 2. On June 4, 2004, Petitioner filed a timely amended petition (docket no. 7).

In his amended petition, Petitioner alleges that: 1) his appeal was denied by the California Supreme Court in 1986, see Am. Pet. at 3, and 2) the date of his parole decision was between the months of September 2002 to December 2002, see "Stipulation" dated May 31, 2004 at 1.[1]

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see Rose v. Hodges, 423 U.S. 19, 21 (1975). The court shall issue an order directing the respondent to show cause why the writ should not be granted unless it plainly appears from the petition that

---

[1] Petitioner alleges that he sent a written request to the Board of Prison Terms (BPT) for a copy of his most recent parole decision in order to attach a copy to his amended petition and to furnish the Court with the exact date of the decision. Petitioner states that at the time he filed his amended petition, he had not received a response from the BPT. See "Stipulation" dated May 31, 2004 at 1.

the petitioner is not entitled to relief.  See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

The Court has previously found that Petitioner's claims are cognizable:

> According to the allegations in the petition, Petitioner was convicted of murder and was sentenced on August 23, 1984 to sixteen years to life in prison.  In this action, he apparently intends to challenge a decision of the Board of Prison Terms to deny him parole.  He argues that he should have been found suitable for parole under the statutory or regulatory standards.  He claims that the decision to find him unsuitable for parole violated his federal due process rights, apparently because there was no evidence to support the finding.  See In re Smith, 109 Cal. App. 4th 489 (2003), cited in Pet. at 8.  He also alleges that the denial of parole unlawfully increased his sentence to life without the possibility of parole, in violation of the Ex Post Facto clause.
>
> . . . .
>
> Petitioner asserts cognizable federal claims for relief.

See May 7, 2004 Order at 1-2.

As it does not plainly appear from the petition that Petitioner is not entitled to relief, Respondent is directed to SHOW CAUSE why the petition should not be granted.

### ORDER DENYING MOTION FOR DEFAULT JUDGMENT

Petitioner has filed a request for entry of default judgment against Respondent Thomas A. Ross of the Alameda County District Attorney's Office on the grounds that he "did not respond in a timely manner. . . ."  See Decl. In Supp. of Mot. Req. Default J. at 2.  Respondent Ross has not failed to respond in a timely manner to this action because the Court has not previously issued an order to show cause.  Moreover, Respondent Ross is not a proper respondent in this action.  See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2717-18 (2004) (there is generally only one proper respondent to a given petitioner's habeas petition . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.)  Therefore, the facts alleged by Petitioner do not entitle him to entry of default judgment against Respondent Ross.  Accordingly, Petitioner's motion for default judgment to be entered against Respondent Ross in this habeas matter is DENIED.  See Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994) (default judgment disfavored in habeas cases absent

extraordinary circumstances).  Furthermore, Respondent Ross is terminated from this action because he is not a proper respondent.  See Padilla, 124 S. Ct. at 2718.

### CONCLUSION

1. Petitioner's Motion for Default Judgment as to Respondent Thomas A. Ross is DENIED (docket no. 11).

2. For the purposes of this petition, Mendoza Powers, Warden of Avenal State Prison, who has custody over Petitioner, is the only proper respondent.  The Clerk of the Court is directed to terminate all other respondents from this action.

3. The Clerk of the Court shall serve by certified mail a copy of this Order and the amended petition (docket no. 7) and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this Order on Petitioner at his most current address.

4. Respondent shall file with this Court and serve upon Petitioner, no later than **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the Answer a copy of all portions of the State trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

5. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent no later than **forty-five (45) days** of his receipt of the Answer.

6. Respondent may file a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion no later than **forty-five (45) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply no later than **fifteen (15) days** of receipt of any opposition.

7. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

8. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 7/25/05

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge